NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANTONIO MARABUTO, PETITIONER, v. BALBACK SMELTING AND REFINING COMPANY, RESPONDENT.

Appendicitis—Petitioner Alleges as Cause Three Accidents Received in Rapid Succession—Evidence That Either Accident was Reported Wanting—Hospital Records do Not Indicate Traumatism—Held, Appendicitis Not the Result of Accident Received During Employment.

On determination of facts and rule for judgment.

For the petitioner, *Charles Becker.*

For the respondent, *McDermott, Enright & Carpenter* (*Carl S. Kuebler,* of counsel).

\*     \*     \*     \*     \*     \*     \*

The petitioner, through his attorney, filed a petition alleging that on September 7th, 1926, about nine-thirty A. M., he was employed by the Balback Smelting and Refining Company at its plant in Newark, and that while pushing a kettle of molten metal on a push cart, his foot slipped upon the slippery floor and he fell backwards upon certain metal ore, injuring his back and side, aggravating and causing the development of acute appendicitis, which necessitated an operation.

It was contended by the respondent that the petitioner was employed by it but that the petitioner did not sustain any accident arising out of and in the course of employment; that the attack of appendicitis alleged to have been suffered by the petitioner was the result of natural causes, and that the employer never received notice of any accident, as required by the Compensation act and amendments thereto.

The testimony of the petitioner, Antonio Marabuto, was to the effect that at about nine-thirty A. M. on September 7th, 1926, together with another employe, he was pushing a large pot of molten metal when his foot slipped and he fell back on an iron pipe, striking his back; that about three-quarters of an hour later he was taking a crowbar out of a pipe, and while hitting the crowbar with a sledge hammer he slipped and fell backwards striking his back against some iron bars. About a half hour later, he testified, that he was loosening some nuts and bolts on the blast furnace when some air blew in his nose and throat and he spit blood and could not work any longer. He does not give very much detail as to any of these three accidents. As to two of these incidents he produces the fireman, Joseph Rodriquez, to corroborate his testimony, but I do not find that the corroboration is very strong. It lacks detail and I believe from the evidence, especially as to the first alleged accident, that Rodriquez was not in a posi-

tion to have seen any accident which occurred to Marabuto, as he himself was admittedly busy filling pots from a box of molten metal.

To me it is not only unusual but unbelievable to believe that the petitioner could have sustained three accidents in such a short space of time. It is also unbelievable to me that he would fall backward while pushing one of these pots of molten metal. He would naturally be inclined forward when pushing and it is more reasonable to believe that he would have fallen forward.

There is nothing whatsoever in the case to indicate that there were any marks of injury upon his body; that his back, side or abdomen had been injured by a fall and contact with iron pipes or bars. It seems to me that there would have been some evidence to indicate such a fall.

I listened very attentatively and have considered very carefully the testimony of the foreman, Emanuel Costa, was impressed with his frankness and the clearness of his testimony. He is a Spaniard and testified at quite a disadvantage because no interpreter was present, and I feel that his testimony was truthful in every way and am still further convinced by it that no accident was ever reported to him. I feel that if the petitioner had sustained three accidents in one morning, as he claims, he would have reported one, if not all of them.

The testimony of the superintendent, Mr. Zahn, shows that he did not have any report of any accident and I am also impressed with the testimony of Mr. E. A. Work, the adjuster for the United States Fidelity and Guaranty Company, the carrier in this case, who testified that the petitioner called to see him with an interpreter and spoke to him through an interpreter, and that the interpreter told him that Mr. Marabuto could not convince him that he had sustained an accident while in the employ of Balback Smelting and Refining Company; that Dr. Spinner attributed the appendicitis to his inhaling dust in connection with his work.

I have had previous experience with claims of traumatic appendicitis and do not believe from such experience and from the evidence in this case that the attack of appendicitis suffered by the petitioner was the result of any traumatism.

In my opinion traumatic appendicitis is only the result of a severe trauma to the abdominal wall and there is no such evidence in this case. Dr. Spinner himself did not secure any history of traumatism and Dr. Sprague, who actually performed the operation, testified positively and clearly that this was a plain case of appendicitis. There was nothing unusual about it, and that in his opinion it could not have been produced by traumatism, but simply by natural causes.

I do not find that the petitioner has suffered from any back disability as testified to by Dr. L. A. Cahill and Dr. Shapiro. Dr. Brothers and Dr. Vanderhoff testified that the petitioner, on the date of the hearing, was not suffering from any permanent disability whatsoever. It seems to me that Dr. Sprague gave a satisfactory explanation for any pains in the back which the petitioner may have had. The doctor stated that the pains in the back are due to the breaking of the curve of the spine while the patient is on the operating table. In the opinion of Dr. Sprague such pains disappear a period of months after the operation.

Considering all the testimony in this case, I therefore find and determine as a matter of fact that Antonio Marabuto did not sustain any accident arising out of and in the course of his employment on or about September 7th, 1926. I find that the attack of appendicitis and the result of the operation performed upon the petitioner was entirely the result of natural causes; that any pain or trouble which the petitioner may have had with his back was the result of the appendicitis operation and not the result of any accident, and I further find that the employer, Balback Smelting and Refining Company, did not receive written notice of any accident on September 7th, 1926, as required by the Workmen's Compensation act and amendments thereto.

It is therefore, on this 16th day of July, 1927, on motion of McDermott, Enright & Carpenter, attorneys for respondent, ordered that judgment be entered in the above entitled cause in favor of the respondent and against the petitioner, with costs to be taxed.

HARRY J. GOAS,
*Deputy Commissioner.*